IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. KOSEK, | ) | CASE NO.: 1:07 CV 0788 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CITY OF BRECKSVILLE, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |
| | ) | |
| | ) | |

This matter is before the Court on a Motion for Leave to File an Amended Complaint filed by Plaintiff William R. Kosek.  (ECF # 17.)  On March 16, 2007, Plaintiff filed a one-count Complaint in this case against Defendant City of Brecksville.  (ECF # 1.)  In the Complaint, Plaintiff states that he was employed as the Canine Handler for the City of Brecksville's Police Department, earning a base rate of $29.5573 per hour.  (*Id.* at ¶¶ 4-5.)  Plaintiff alleges that, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Defendant:

> was required to compensate [him] for every hour worked in any given workweek in excess of 40 hours at the rate of 150 percent (150%) of the base rate of compensation defendant was paying [him] at the time such excess hours were worked or to credit [him] with compensatory time at a rate not less than 150 percent (150%) of such rate of compensation.

(*Id.* at ¶ 9.)  Plaintiff contends that he was not paid overtime or credited with the requisite amount of compensatory time in the full amount to which he was entitled.  (*Id.*)  Plaintiff's alleged entitlement to such compensation is for services which include "caring for, maintaining, grooming, exercising, and training the department's canine, 'Sunny,' at [his] home."  (*Id.* at ¶¶ 9-10.)

Defendant filed its Answer to Plaintiff's Complaint on April 4, 2007, denying all material allegations.  (ECF # 4.)  Some time later, on November 19, 2007, Plaintiff filed the instant Motion for Leave to File an Amended Complaint.  (ECF # 17.)  In the Motion, Plaintiff states that:

> [d]uring the course of discovery, [he] has learned that defendant will rely on certain defenses as well as interpretations of facts that – if supported by evidence admitted at trial – may reduce or eliminate some or all of the claims for *overtime* compensation asserted by [him] arising *under the Fair Labor Standards Act.*
>
> If such defenses were to succeed, in whole or in part, [Plaintiff] would be entitled *in the alternative* to make claims for defendant's failure to remit 'straight' time compensation for some or all of the hours that he worked . . . whether for *minimum wages* during the two- or three-year window falling within the limitation period of the Fair Labor Standards Act . . . or for *'straight' time* compensation at the rates established *by the union contract* for police officers covering that same period. *In addition*, [Plaintiff] would be entitled to compensation *under the union contract for overtime* hours not paid for as long as he was the city's Canine Handler.

(*Id.* at 2 (emphasis in original).)  The proposed Amended Complaint attached to Plaintiff's Motion contains three claims. In particular, Plaintiff attempts to set forth a cause of action for an alleged violation of the Fair Labor Standards Act (Count I), for an alleged breach of contract (Count II), and for declaratory relief (Count III).  (*Id.* at 2-7.)

On November 29, 2007, Defendant filed a Brief in Opposition to Plaintiff's Motion to Amend.  (ECF # 18.)  Defendant urges this Court to deny Plaintiff's Motion for two reasons. First, Defendant argues that this Court lacks jurisdiction over a breach of contract claim, because Plaintiff was subject to a collective bargaining agreement.  (*Id.* at 5-7.)  Second, Defendant asserts that any claim for payment at minimum wage pursuant to the Fair Labor Standards Act fails, because Plaintiff has already been paid in excess of minimum wage and therefore cannot establish damages.  (*Id.* at 7-9.)

On December 4, 2007, Plaintiff filed a Reply Brief in Support of his Motion to Amend. (ECF # 19.)

This Court is mindful of the fact that leave to amend a complaint is to be freely given "when justice so requires" under Federal Rule of Civil Procedure ("Rule") 15(a).  Leave to amend under Rule 15 should not be granted, however, where the amendment would be futile. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).  An amendment is considered to be futile if it, as proposed, would not survive a motion to dismiss.  *See id.*

The Court finds that, to the extent the proposed Amended Complaint attempts to set forth claims based on the collective bargaining agreement, the amendment would be futile.  As set forth by Defendant, Ohio Revised Code 4117.10(A) provides that a collective bargaining agreement between a public employer and the bargaining unit governs "the wages, hours, and terms and conditions of public employment covered by the agreement."  Where, as here, "the agreement provides for a final and binding arbitration of grievances, public employers, employees and employee organizations are subject solely to that grievance procedure. . . ."  *Id.* Accordingly, the Court lacks jurisdiction to hear Plaintiff's proposed claims arising under the collective bargaining agreement.

Based on the foregoing, the Motion for Leave to Amend is GRANTED IN PART and DENIED IN PART.  (ECF # 17.)  That is, Plaintiff is granted leave to amend his Complaint to the extent that his claims fall outside the scope of the collective bargaining agreement.  To the extent that his proposed claims attempt to set forth a cause of action based on the collective bargaining agreement, however, Plaintiff's Motion is denied.

To that end, Plaintiff's Motion for Leave to Amend is granted as it applies to Count I of

the proposed Amended Complaint, which attempts to set forth a claim for a violation of the Fair Labor Standards Act.  Count I, as proposed, does not contain a claim arising under the collective bargaining agreement.

With respect to Count II of the proposed Amended Complaint, Plaintiff appears to attempt to incorporate both the Fair Labor Standards Act claim as well as a breach of contract claim.  According to Plaintiff, if he is successful on his Fair Labor Standards Act claim, then Defendant also violated its obligations under the collective bargaining agreement.  A careful review of Count II of the proposed Amended Complaint, however, reveals that it is a basic breach of contract claim, arising under the collective bargaining agreement.  Hence, Plaintiff's Motion for Leave to Amend is denied as it relates to Count II.  As set forth above, Plaintiff may not bring a cause of action based on the collective bargaining agreement.

As to Count III of the proposed Amended Complaint, Plaintiff again seeks to merge the Fair Labor Standards Act claim and the breach of contract claim.  In Count III, Plaintiff states:

> Count One of this amended complaint presents a case of actual controversy within the jurisdiction of this court that simultaneously will determine at least part of the dispute between the parties respecting plaintiff's claim for entitlement to additional compensation under the Agreement (and all prior versions thereof) referenced in Count Two of this amended complaint insofar as determinations made with respect to defendant's liability to plaintiff under the Fair Labor Standards Act may confirm, define, limit, or extinguish plaintiff's claims, as alleged in Count Two hereof.  A determination of the extent of defendant's liability to plaintiff, if any, under Count One of this amended complaint, therefore, shall have the effect of establishing, defining, or determining the liability of defendant to plaintiff under the Agreement (and all prior versions thereof) referenced in Count Two hereof.

Consistent with this Court's previous determinations, because Plaintiff may not bring a cause of action based on the collective bargaining agreement, he may not seek declaratory relief with respect to that agreement in Count III.  Further, because the cause of action based on the

-4-

collective bargaining agreement and the cause of action based on the Fair Labor Standards Act are inextricably intertwined in Count III of the proposed Amended Complaint, Plaintiff may not amend the Complaint to add the proposed Count III.  This Court has granted Plaintiff leave to amend Count I, and Plaintiff may seek the remedies available to him under the Fair Labor Standards Act within the context of that claim.  Accordingly, Plaintiff's Motion for Leave to Amend is denied as it relates to Count III.

In summary, Plaintiff's Motion for Leave to Amend is granted only with respect to Count I of the proposed Amended Complaint.  The proposed amendment with respect to Counts II and III would be futile; hence, the Motion is denied with respect to those claims.  Count I of the proposed Amended Complaint is the sole claim before this Court.  Plaintiff is hereby ORDERED to file an Amended Complaint consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: December 20, 2007

-5-